UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| HUTSON, INC., <br> A Kentucky Corporation <br>                        Plaintiff, | ) <br> ) <br> ) <br> ) | |
| vs. | ) <br> ) | Case No. 3:16-CV-148 |
| INTERSTATE FARM PRODUCTS, <br> L.L.C., a Kansas Limited Liability <br> Company | ) <br> ) <br> ) <br> ) | Judge: _____ <br><br> Magistrate Judge _____ |
| Serve: Joe F. Cole, Registered Agent <br>       Interstate Farm Products, L.L.C. <br>       1300 NW US HIGHWAY 24 <br>       Topeka, Kansas  66608 <br><br>                        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

HUTSON, INC.'S COMPLAINT AGAINST INTERSTATE FARM PRODUCTS, L.L.C.
(Electronically Filed)

Comes the Plaintiff, Hutson Inc., by counsel, and for its Complaint against Defendant Interstate Farm Products, L.L.C., states as follows:

PARTIES

1. Plaintiff, Hutson, Inc., (hereinafter sometimes referred to herein as "Hutson") is a corporation organized under the laws of the Commonwealth of Kentucky. Its principal place of business is located at 306 Andrus Drive, Murray, Kentucky 42071. As such, Hutson is a citizen of the Commonwealth of Kentucky.

2. Defendant, Interstate Farm Products, L.L.C., (hereinafter sometimes referred to herein as "Interstate"), is a limited liability company organized under the laws

of the State of Kansas.  Its principal place of business is located at 2720 SE California, Topeka, Kansas, 66605. According to the records of the Kansas Secretary of State, Interstate's only member is Joe F. Cole, who is a resident of Topeka, Kansas.  As such, Interstate is a citizen of the State of Kansas.   Interstate can be served through its Registered Agent in the State of Kansas, Joe F. Cole, 1300 NW US Highway 24, Topeka, Kansas 66608.

## JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over Interstate pursuant to sections of the Illinois Long-Arm statute, including 735 Ill. Comp. Stat. Ann. 5/2-209(a)(1) by "[t]he transaction of any business within this State."

4.  The Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because Hutson and Interstate are citizens of different states of the United States, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.  Venue is proper in this district under 28 U.S. C. §1391(b)(2), based upon the fact that the goods that Hutson sold to Interstate were purchased by Interstate and delivered by Hutson to Interstate in this judicial district.

## CLAIMS AGAINST DEFENDANT, INTERSTATE

6.  Hutson incorporates by reference Paragraphs 1-5 of its Complaint above as if fully set forth herein.

7.  Southern Illinois Implement is a fictitious name that Interstate told Hutson it was using to do business.  However, upon information and belief, Interstate never took any formal action to legally adopt and use the fictitious name, "Southern Illinois Implement," either in Kansas or Illinois.

8.      On or about March 10, 2015, Mr. Joe Cole, on behalf of Interstate, executed an "Account Application" to purchase goods and services on credit from Hutson. A true and accurate copy of the Account Application (which is hereinafter sometimes referred to as "the Application") is attached hereto and incorporated herein as <u>Exhibit "A"</u>.

9.      The Application provides in pertinent part:

IN CONSIDERATION FOR HUTSON'S AGREEMENT TO PERMIT CUSTOMER TO PURCHASE GOODS ON CREDIT AT HUTSON, INC., CUSTOMER AGREES:

…

(2)  TO PAY FOR ALL GOODS AND SERVICES FURNISHED ON TERMS OF NET 30 DAYS;

(3)  THAT A LATE FEE OF 2% PER MONTH (24% PER ANNUM) WILL BE CHARGED ON THE UNPAID BALANCE OF ACCOUNTS UNPAID THIRTY (30) DAYS FROM THE DATE OF EACH INVOICE; AND

(4)  TO PAY ALL COSTS OF COLLECTION INCLUDING COURT COSTS AND REASONABLE ATTORNEY/COLLECTION AGENCY FEES IF ANY UNPAID INVOICE IS REFERRED TO AN ATTORNEY OR COLLECTION AGENCY FOR COLLECTION.

10.     The Application also provides:

I HAVE READ AND UNDERSTAND THE ABOVE TERMS AND CONDITIONS, AND HEREBY AGREE TO THEM:

APPLICANT'S NAME:  JOE COLE.   DATE: 3-10-15.

APPLICANTS'S SIGNATURE: <u>/s/Joe Cole</u>

11.     Joe Cole signed the Application on behalf of Interstate.

12.     After March 15, 2015, Hutson sold goods in the form of equipment to Interstate, which sometimes did business under the fictitious name, "Southern Illinois

Implement."  As of August 15, 2015, Interstate owed Hutson the total sum of $114,805.60 (hereinafter sometimes referred to as "the Amount Owed").

13.     On August 15, 2015, Bobby R. Miller, Jr., counsel for Hutson ("Mr. Miller") sent a letter to Mr. Cole on behalf of Interstate demanding that Interstate pay the Amount Owed by August 21, 2015.  A true and accurate copy of this letter (which is hereinafter sometimes referred to as "the Demand Letter") is attached hereto and incorporated herein as Exhibit "B".  The Demand Letter also enclosed a Statement showing the purchases made by Interstate using the fictitious name, Southern Illinois Implement, and how the "Amount Owed" was calculated.

14.     On August 17, 2015, Tammy Arfmann, Business Manager for Interstate, acting as Interstate's agent, sent Bobby R. Miller, Jr., Esq., counsel for Hutson, a message via e-mail.  A true and accurate copy of this e-mail message (hereinafter sometimes referred to as "the Arfmann E-Mail") is attached hereto and incorporated herein as Exhibit "C".

15.     The Arfmann E-Mail provides in pertinent part:

We are in receipt of your letter that was dated August 15th.  We would like to see about setting up an arrangement with you as we are willing to pay the amount that is owed.  We would like to pay 25% of the amount that is due by the due date that you specified and then pay $10,000 per month until the amount is paid.

16.     Despite Interstate's admission that it owes Hutson the Amount Owed, Hutson has yet to receive any payments from Interstate.

17.     Hutson is entitled to be awarded a judgment against Interstate for $114,805.60, plus pre-judgment and post-judgment interest at the rate of 24% per annum, from August 21, 2015, until the judgment is paid in full, which equates to the

sum of $75.4886 per day, and all costs of collection including court costs and reasonable attorney's fees.

WHEREFORE, Hutson, Inc., demands that it be awarded a judgment against Interstate Farm Products, L.L.C., as follows:

1. The liquidated sum of $114,805.60;

2. Pre-judgment and post-judgment interest at the contractually agreed rate of 24% per annum on $114,805.60, from August 21, 2015, which equates to the sum of $75.4886 per day;

3. Its costs of collection incurred during the course of collecting the sums that it is entitled to collect, including the court costs and reasonable attorneys' fees that Hutson, Inc., incurs; and,

4. For any and all other relief to which Hutson, Inc., may be entitled to receive based upon the proof.

RESPECTFULLY SUBMITTED this the 9th day of February, 2016.

THE MILLER LAW FIRM, PLLC

By: /s/ Bobby R. Miller, Jr.
 Bobby R. Miller, Jr., Esq.
 2660 West Park Drive, Suite 2
 Paducah, KY 42001
 Tele:  (270) 554-0051
 Fax:   (866) 578-2230
 bmiller@millerlaw-firm.com

Attorneys for Plaintiff, Hutson, Inc.

5